IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY HALL,

    Petitioner,                                       No. CIV S-07-2263 FCD GGH P

   vs.

MATTHEW C. KRAMER, Warden,

    Respondent.                                     ORDER

_____/

        Petitioner, a state prisoner represented by counsel, has filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 4, 2008, respondent filed a motion to dismiss and noticed the motion for hearing on March 27, 2008. On February 13, 2008, petitioner pro se filed a request for a substitution of attorney, seeking to have himself substituted in pro se in place of his counsel, and filed a separate request to be allowed access to a legal investigator/runner. On March 4, 2008, petitioner pro se filed an opposition to the motion to dismiss. In respondent's March 13, 2008, reply, respondent's counsel noted that she had left a voicemail message on March 10, 2008, for petitioner's counsel on his business phone to ascertain whether he was still representing petitioner in this matter, but as of the time of filing the reply, she had yet to hear from Jesse Ortiz.

\\\\\

1

The court will now direct petitioner's counsel to show cause why he should not be sanctioned for his failure to file a notice of substitution of counsel and/or to file a response to the pending motion. As petitioner pro se has filed an opposition, the court will now vacate the hearing. Notwithstanding any sanction that may be imposed on counsel for petitioner, if petitioner is ultimately deemed to be proceeding on this matter pro se, the court will take the moving, opposing and reply papers on the motion to dismiss under submission without a hearing. Should this matter, on the other hand, proceed with petitioner's counsel, counsel for petitioner, in consultation with respondent's counsel and the court's courtroom deputy, will be responsible for setting a new hearing date on respondent's motion at the earliest feasible opportunity.

Accordingly, IT IS ORDERED that:

1. Petitioner's counsel, Jesse Ortiz, is directed to show cause why he should not be sanctioned for his failure to file a notice of substitution of counsel and/or to file any response to the pending motion within ten (10) days;

2. Counsel for petitioner must also file his response to respondent's motion within ten days;

3. The March 27, 2008, hearing date set for respondent's motion to dismiss is hereby VACATED;

4. If this matter ultimately goes forward with petitioner proceeding pro se, the matter will be deemed submitted on the moving, opposition and reply papers that have been filed;

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

5. If the matter proceeds with petitioner still represented by counsel, petitioner's counsel will be responsible for setting a new hearing date at the earliest feasible time on the pending motion to dismiss, after obtaining a date convenient for respondent's counsel and ascertaining the availability of the hearing date on this court's calendar.

DATED: 03/21/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
hall2263.osc