IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY HALL,

    Petitioner,                   No. CIV S-07-2263 FCD GGH P

   vs.

MATTHEW C. KRAMER, Warden,     <u>ORDER</u> &

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

<u>Introduction</u>

        Petitioner, a state prisoner proceeding through retained counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By order, filed on April 9, 2008, the court deemed the show cause order, filed on March 21, 2008, discharged.  Therein, noting, inter alia, that petitioner's counsel had not filed a notice of substitution of counsel, the court found it evident that counsel intended to continue his representation of petitioner. Petitioner's counsel was granted a two-week extension of time to file a written opposition, and was directed to notice the motion for hearing, as he had been instructed in the March 21, 2008, show cause order, in consultation with respondent's counsel and the court's courtroom deputy, at the earliest feasible opportunity, the previous hearing date, properly noticed by respondent in the motion to dismiss, filed on February 4, 2008, having been vacated when petitioner failed to file a

1

notice of substitution of counsel or a response to the pending motion.

Petitioner's counsel filed an opposition on April 28, 2008, but did not notice the motion for hearing on the court's calendar, failing to comply fully with the court's order. Having reviewed the papers, the court does not find that oral argument will be needed and deems the matter submitted. The court will not at this time sanction counsel for petitioner for this omission. However, petitioner's counsel, particularly in light of filings by petitioner pro se showing some frustration on his part, must once and for all make clear whether or not counsel intends to continue his representation of petitioner. See Order below.

Amended Petition

Petitioner was convicted of attempting to dissuade a witness (Cal. Penal Code § 136.1(c)(1)); corporal injury of a spouse (Cal. Penal Code § 273.5(a)); assault with a firearm (Cal. Penal Code § 245(a)(2)); violation of a restraining order (Cal. Penal Code § 273.6(a), and two counts of criminal threats (Cal. Penal Code § 422); petitioner was also found guilty of having personally used a firearm in connection with the assault (Cal. Penal Code § 12022.5(a)). Amended Petition (AP),[1] p. 4, Motion to Dismiss (MTD), pp. 1-2, Lodged Document 1. Petitioner was sentenced, on April 20, 2005, to a state prison term of eleven (11) years. AP, p. 5; MTD, pp. 1-2, Lod. Doc. 1 at 8-9. Petitioner challenges his conviction/sentence on two grounds: 1) his Sixth Amendment right to confront and cross-examine the witnesses against him was violated when the court permitted the preliminary transcript of (petitioner's wife) Ms. Hall's testimony to be presented in place of her live testimony, "and by admitting such testimony notwithstanding that it was taken subsequent to Ms. Hall's undergoing hypno-therapy" ; 2) denial of Fourteenth Amendment right to due process by admission of prior uncharged acts of domestic violence. AP, pp.4, 8-22.

---

[1] Counsel filed the original petition on 10/23/07, with another petition, which the court will herein deem the amended petition, on 10/30/07. Because at this time, petitioner proceeds with retained counsel, the court will strike the pro se amended petition filed on 1/02/08.

Motion to Dismiss

Respondent moves for dismissal of the petition as mixed.  Respondent concedes that the second claim is exhausted.  MTD, p. 4, Lod. Doc. 6.  However, as to the first claim (which although petitioner designates this claim as A, the court will designate claim 1), respondent avers that petitioner has failed to exhaust the claim because he has raised additional arguments in support of the claim in this court that were not fairly presented to the state supreme court.  MTD, pp. 4-5. Respondent contends that while petitioner did argue in the state supreme court petition that the trial court violated his Sixth Amendment rights by finding the complaining victim unavailable to testify prior taking all reasonable steps to induce witness to testify, i.e., threatening her with incarceration, petitioner did not make the additional arguments now included in the amended petition, that his Sixth Amendment right to confront and cross-examine witnesses was violated because jurors did not see and hear the complaining victim testify, he did not have the opportunity to cross-examine the complaining victim about her hypnosis sessions at the preliminary hearing and the procedures set forth in Cal. Evid. Code § 795 were not followed at the trial.  MTD, pp. 4-5, Lod. Doc. 6.

In opposition, petitioner's counsel inexplicably twice sets forth the same lengthy excerpt from the unpublished state court of appeal decision with regard to the underlying facts of this case. Opposition (Opp.), p. 3-5, 8-10.  Counsel contends that the preliminary hearing testimony admitted at the trial was the only evidence that was presented against petitioner.  Opp., pp. 5, 10. Petitioner correctly identifies the claim that was set before the state supreme court on direct review in the petition for review:

> Whether the trial court denied petitioner the right to confront the witness against him in violation of the Sixth Amendment of the United States when it admitted the preliminary-examination testimony of the complaining witness.

Opp., p. 7; see also, respondent's Lod. Doc. 6, petition for review, pp. I, 1, 3-6.

\\\\\

3

In the instant amended petition, the claim is framed as:

> Mr. Hall's Sixth Amendment right to confront and cross examine the witnesses against him was violated with [sic] the court allowed the preliminary hearing transcript of Ms. Hall's testimony to be presented in lieu of her live testimony.

AP, p. 7.

But it is also framed as a denial of petitioner's right to confront and cross-examine the complaining witness "by admitting the preliminary hearing testimony into evidence in lieu of live testimony, and by admitting such testimony notwithstanding that it was taken subsequent to Ms. Hall's undergoing hypno-therapy." AP, p. 4.

Counsel for petitioner maintains that petitioner presented before the state supreme court "in substance" the same claim as is herein presented and has thus been exhausted. Opp., pp. 8-11.

Discussion

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971)("[only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies"); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). In Gray v. Netherland, 518 U.S. 152, 163, 116 S. Ct. 2074 (1996), cited by respondent for the proposition that a prisoner must set forth for the state court both the operative facts and legal theory of his claim (MTD, p. 3), the Supreme Court has stated that "to present the 'substance'" of "a claim to a state court" of a broad constitutional guarantee, "it is not enough to make a general appeal...."

The court's review of the petition for review that was presented to the state supreme court indicates, as respondent posits (MTD, p. 4), that the claim related to claim 1 herein rested on an argument set forth on less than two full pages. Lod. Doc. 6, pp. 3-5. The

focus of the argument before the state supreme court is that the trial court should have "at least threatened Ms. Hall with incarceration before allowing the introduction of the preliminary-hearing testimony." Id. at 4.  The contention was that the trial court had "authority to impose incarceration for contempt of court under Code of Civil Procedure section 1219," and lamented that when the trial court found petitioner's wife to be in contempt, the only sanction imposed for her refusal to testify at trial was to sentence "her to 72 hours of domestic violence counseling." Id.  The brief argument that failing to threaten petitioner's wife with incarceration when she refused to testify at trial violated petitioner's Sixth Amendment right to confront and cross-examine the witnesses against him concluded as follows:

> The Court of Appeal found the trial court took reasonable steps to compel Ms. Hall to testify and that any other steps would be unavailing.  (Opinion, p. 11, citing People v. Smith (2003) 30 Cal.4th 581, 609).
>
> Review should be granted to determine if the trial court erred by refusing to at least threaten Ms. Hall with incarceration.

Lod. Doc. 6, petition for review, p. 5.

A review of the unpublished state court of appeal decision on direct review also indicates that the sole issue before the court on this claim was that the court should first have threatened petitioner's wife, the complaining witness, with incarceration before declaring her unavailability at trial and permitting the reading of her preliminary hearing testimony at trial.  Lod. Doc. 5, pp. 6-12.  In recounting the underlying facts to the claim, petitioner in the opening brief on direct appeal referenced Ms. Hall's testimony at a pretrial hearing that she had been placed under hypnosis; the trial court set a hearing to determine if she had been hypnotized within the meaning of Cal. Evid. Code § 795, "issued a tentative opinion that Ms. Hall testified to an altered state of consciousness and may have been hypnotized."  Lod. Doc. 2, appellant's opening brief, pp. 14-15.  Thereafter, however, the psychologist at issue testified that petitioner's spouse had not been placed under hypnosis and petitioner's request to exclude her testimony was denied.  Id. at 15.  Notwithstanding, what is clear in even the opening and reply briefs on direct

appeal at the state appellate court level is that the claim before that court was that petitioner's constitutional rights were violated by the failure of the trial court to threaten petitioner's wife with incarceration should she refuse to testify at trial and that Cal. Code Civ. Proc. § 1219 authorized such a measure. See Lod. Doc. 2, pp. 13-25 & Lod. Doc. 4 (reply brief on direct appeal to state court of appeal), pp. 1-5.

Petitioner relies on Vasquez v. Hillery, 474 U.S. 254, 257-258, 106 S. Ct. 617 (1986) (Opp., p. 7), for the principle that the exhaustion requirement has been satisfied when "the prisoner has presented the substance of his claim to the state courts." The Ninth Circuit has stated that: "[t]he state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999), citing Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995) and Correll v. Stewart, 137 F.3d 1404, 1411-12 (9th Cir.1998). In Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351 (2004), the Supreme Court held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief...that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." When petitioner's counsel here seeks to broaden the basis for the claim of a Sixth Amendment violation beyond the trial court's putative failure "to take the requisite steps in order for it to find the complaining victim 'unavailable,'" (AP, p. 10), it does appear that counsel overreaches when he asserts as a factual predicate for his claim that petitioner "was not made aware by the prosecution that the complaining witness was referred to a hypnotherapist prior to the preliminary hearing." AP, p. 16. This constituted no part of the claim before the state supreme court. Nor does petitioner's claim that the failure to comply with the requirements of Cal. Evid. Code 795, which sets forth certain procedures for the admissibility of testimony by a hypnotized witness, rendered the complaining witness' testimony inadmissible and violative of the Sixth Amendment. AP, pp. 20-22. However, the court finds that petitioner's contention that petitioner's argument in the

amended petition that he had a right to be judged by a jury of his peers allowed to observe the nature and quality of the witnesses presented by the prosecution to establish guilt (AP, p. 16) is an argument subsumed within the Sixth Amendment claim at least implicitly, whether or not expressly set forth in the petition for review, and the court will not find this argument sets forth any factual predicate or theory that remains unexhausted.

The court finds that to the extent that petitioner seeks to base his claim of a violation of his Sixth Amendment rights when the preliminary hearing testimony of Ms. Hall was presented at trial related to whether or not his wife may have been subjected to hypnotherapy or whether a state law regarding procedures for testimony post-hypnosis was followed (or even implicated), such subclaims/arguments are unexhausted.

Accordingly, IT IS ORDERED that:

1. The Clerk is to note the petition, filed on 10/30/07(# 4), is an amended petition;

2. The Clerk is to strike the so-called "amended petition," filed on 1/02/08 (# 9), by petitioner pro se;

3. Petitioner's counsel is to inform the court, within ten days, whether he is proceeding as counsel for petitioner; if he is not, counsel, and NOT petitioner pro se, must file a proper notice of substitution of counsel within the same ten-day period; should petitioner's counsel fail to respond fully to this order timely, the court will impose sanctions upon counsel for petitioner.

IT IS RECOMMENDED that respondent's motion to dismiss the amended petition as a mixed petition, filed on 2/04/08 (# 11), be construed as a motion to strike as unexhausted from claim 1, the claim of a violation of petitioner's rights under the Sixth Amendment by the admission of preliminary hearing testimony at trial when the complaining victim/witness was found to have been unavailable absent the trial court's having threatened incarceration, be granted as to the subclaim/arguments contending that petitioner did not have the

7

opportunity to cross-examine the complaining victim about her hypnosis sessions at the preliminary hearing and that the procedures set forth in Cal. Evid. Code § 795 were not followed at the trial, and the motion be denied as to the argument in support of claim 1 that petitioner's right to confront and cross-examine witnesses was violated because jurors did not see and hear the complaining victim testify.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 07/30/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
hall2263.mtd